**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| **LISA WASHINGTON**, | : |
| Plaintiff, | : |
| v. | :      Civil Action No. 1:21-cv-479 |
| **TETRA TECH, INC.** 1320 N. Courthouse Rd. Suite 600 Arlington, VA 22201 | : |
| Serve: R/A: CT Corporations System 4701 Cox Rd. Ste. 285 Glen Allen, VA 23060 | : |
| Defendant. | :      <u>TRIAL BY JURY DEMANDED</u> |

## <u>COMPLAINT</u>

COMES NOW, the Plaintiff, Lisa Washington ("Washington" or "Plaintiff"), by and through her undersigned counsel and moves this Honorable Court for judgment against the Defendant, Tetra Tech, Inc. ("TTI" or "Defendant"), on the grounds and praying for the relief hereinafter set forth:

### <u>Introduction</u>

1. This action involves the discrimination by Defendant TTI against Plaintiff Washington on the basis of her race, age, and gender.

2. Washington was a Director of Client Relations and a former employee of TTI.

3. Washington is an African American female and over the age of 40.

4. On or around May 28, 2020, Washington was terminated from her position of employment

on the basis of her race, age and gender.

## Parties

5. Plaintiff, Lisa Washington, is, and at all times relevant hereto, a resident of the State of Maryland.

6. Defendant, TTI, is a provider of consulting, engineering, and technical services worldwide. Plaintiff worked for Tetra Tech's Federal Information Technology ("FIT") operating unit as part of the Institute for Public Private Partnership operations ("IP3"). IP3 is headquartered in Arlington, Virginia where Plaintiff worked.

## Jurisdiction and Venue

7. This action is brought by Plaintiff for damages and injunctive relief on account of Defendant's racial and gender discriminatory practices as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

8. Plaintiff brings this action for damages and injunctive relief on account of Defendant's violations of the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 6101 *et seq.*, (the "**ADEA**") and Title VII of the Civil Rights Act of 1964 ("**Title VII**").

9. This Court has federal question subject matter jurisdiction over Washington's claims pursuant to 28 U.S.C. §§ 1331 and *et seq* 42 U.S.C. § 2000e *et seq.*

10. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to these claims occurred in this district, and as all of the acts complained of herein occurred in Arlington County, in the Commonwealth of Virginia.

11. Washington has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

a.  On or around August 17, 2020, Plaintiff filed charges with the United States Equal Employment Opportunity Commission (EEOC) alleging discrimination on account of her race, age, gender, and, retaliation.

b.  On January 19, 2021, the EEOC issued Plaintiff a notice of dismissal and notice of suit rights, which was received by Plaintiff shortly thereafter.

c.  The Complaint in this matter was filed with this Court within ninety (90) days from the receipt of the "Notice of Right to Sue".

### Statement of Facts

12. Washington is a female employee over the age of 40, who was employed by TTI for approximately 25 years, most recently as a Senior Online Learning Specialist.

13. Washington's physical appearance makes it open and obvious that she is an African American female and over 40.

14. In addition, Plaintiff had informed, and, Defendant was on notice that Plaintiff was an African American female and that she was born in 1959.

15. Plaintiff was terminated on May 28, 2020.

16. When Plaintiff was terminated, her direct supervisor was Mr. Lee U'Ren ("Mr. U'Ren").

17. The IP3 operations were managed by Bonnie Brandreth ("Ms. Brandreth") who was Mr. Lee U'Ren's direct supervisor.

18. Plaintiff had never received any verbal or written reprimands prior to her termination.

19. Plaintiff was an exemplary employee.

20. Defendant placed Washington on furlough on or around April 4, 2020.

21. Defendant terminated Washington on May 28, 2020.

22. In addition to Mr. U'Ren, IP3 consisted of 6 employees that he directly supervised, including

Plaintiff.

23. Although the position titles for each of the six were different, there actual functionality and day to day operations were nearly identical.

24. Each of these six positions would have been a comparator of Plaintiff as a result.

25. Upon information and belief, the performance evaluations and content of questions would have been the same across the IP3 team.

26. In addition, with the exception of his limited management duties, Mr. U'Ren was a comparator of Plaintiff.

27. Of the seven in the IP3 team, three were placed on furlough (including Plaintiff).

28. The three placed on furlough were all older female employees and the only older three females on the IP3 team.  Specifically, Jennifer Hara (older female) who was hired in April 2016; Lisa Washington (older female – oldest on team) was with TTI for almost 25 years; and Pam Sanford who was hired in February 2019.

29. The hiring of the other team members were as follows: Lee U'Ren (male) hired October 2019; Anastasia Anderson (young female) hired December 2019; Marc Shaffer (young male) hired **February 2020** [emphasis added]; Danyal Ahmad (young female) hired March 2019.

30. The three females placed on furlough, including Plaintiff, were each more tenured with TTI, and generally much more experienced, than the remaining four who were not furloughed.

31. TTI had a history of discriminatory animus.  In or around March 2018, IP3's then director, Ms. Spry, approached Plaintiff and called her the N-word and told her there was a new sheriff in town.  During that same tenure, Ms. Spry would told Ms. Hara that Plaintiff was lazy and incompetent.

32. In November 2018, Ms. Sugna resigns out of outrage form the way she is treated as an African

American in the department.

33. Subsequently in August 2019, TTI disabled the ability of colleagues to rate Ms. Washington. She was the only employee this function was disabled for, but it was done to prevent colleagues from giving her positive reviews.

34. Notably, in early November 2019, Mr. U'Ren expressed to Pam Sanford and other staff members concern for job security as a result of revenue target misses in 2019. However, Mr. U'Ren suggested that because he was the most recent hire and that the other three were in a protected class at IP3, except for himself, that he would likely be the first one to be let go. He was not.

35. The reference towards protected class indicates that Defendant and/or its personnel were focused on this issue.

36. In addition, Mr. U'Ren's statement indicates that tenure at TTI would have been and/or should have been a factor in determine who was furloughed.

37. If so, Plaintiff would not have been furloughed.

38. If based on performance, Plaintiff would not have been furloughed.

39. Instead, Defendant targeted the older female employees and used this opportunity to remove them.

40. In the case of Plaintiff, this was also another opportunity to target an African American female.

41. None of the other younger or male employees, despite being substantially less experienced and less tenured were furloughed and/or terminated.

42. Shortly after the furlough, Plaintiff was terminated, as the oldest female employee and most tenured in IP3.

43. In addition, in the months leading up to the furlough, Plaintiff had reported numerous issues

5

and concerns to HR regarding her unfair treatment and ongoing issues she had had with Ms. Spry and the subsequent IP3 directors.

44. Again, Washington was placed on furlough April 4, 2020, and then officially terminated on May 28, 2020.

45. The work environment in IP3 is hostile towards older female employees who are treated with discriminatory animus.

46. Various other employees within IP3 have asserted and openly acknowledge that older female employees are treated differently and less favorably.

47. Defendant's claim that the chosen furlough of Plaintiff was because they were transitioning to supporting and the development of online products and remote training options.

48. This is nonsensical and pretextual. Notably, Washington is a Director of Client Relations, and, was bringing in 60% of monetary funds for training to IP3.

49. Plaintiff was already familiar with SalesForce and was uniquely positioned to coordinate this type of change.

50. At all relevant times, TTI was an "employer" as that term is defined in 42 U.S.C. § 2000e(b) as it is a company "engaged in an industry affecting commerce who ha[d] fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or proceeding calendar year." TTI is thus covered by and subject to Title VII of the Civil Rights Act of 1964.

51. Although Washington was allegedly furloughed and terminated for budgetary reasons, she was actually terminated on the basis of her race, age and gender, and, in retaliation of the ongoing HR complaints and investigations she was involved in.

**COUNT I**
**Gender and Race Discrimination and Termination in Violation**

6

**of Title VII of the Civil Rights Act of 1964, as amended**

52. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full.

53. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected her status as an employee on the basis of Plaintiff's race and gender, in violation of 29 U.S.C §2000e-2(a)(1).

54. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered compensatory damages, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

55. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, front pay, back pay, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

56. In acting as alleged herein, Defendant has acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

57. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided for by 29 U.S.C §2000e-5(k).

**COUNT II**
**Age Discrimination and Termination in Violation of**

**the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 6101 et seq.**

58. The Plaintiff restates, re-pleads, and incorporates by reference each and every allegation set forth above.

59. Plaintiff was sixty one years old at the time of her termination.

60. Plaintiff's employment was improperly terminated as a result of her race, age and gender.

61. As a proximate result Defendant's discrimination against Plaintiff on the basis of her age, Plaintiff has suffered and continues to suffer a loss of wages and salary, bonuses, compensation, front pay, back pay, employment benefits, career path opportunities, future earnings, and expenses, in an amount to be proven at trial.

62. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered compensatory damages, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

63. In acting as alleged herein, Defendant acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

64. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

## COUNT III
### Retaliation and Wrongful Discharge in Violation of Title VII of the Civil Rights Act of 1694, as amended and Age Discrimination in Employment Act of 1967, 29 U.S.C. § 6101 et seq.

65. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in

8

all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full.

66. Washington engaged in protected activity through her repeated reporting and participation in the investigation with HR.

67. Washington was furloughed on April 4, 2020 and terminated on May 28, 2020.

68. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's race, gender and age, and, reporting and participation in investigation with HR.

69. As a direct, foreseeable, and proximate result of Defendant's unlawful conduct, Plaintiff has been injured in that he has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, front pay, back pay, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

70. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered compensatory damages, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to his damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

71. In acting as alleged herein, Defendant has acted maliciously, fraudulently, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

72. As a result of Defendant's acts of retaliation as alleged herein, Plaintiff is entitled to

reasonable attorney's fees and costs of this suit.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on her behalf against Defendant;

B. Award Plaintiff Washington compensatory damages and punitive damages;

C. Award Plaintiff Washington back pay and front pay;

D. Award Plaintiff Washington her court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest;

E. Declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*;

F. Declare that Defendant's conduct is in violation of the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 6101 *et seq.*, and Title VII of the Civil Rights Act of 1964;

G. Order that Defendant be prohibited from continuing to maintain its illegal policy, practice or custom to further rights afforded to individuals, and, to those who exercise or who attempt to exercise their rights under Title VII and/or the ADEA;

H. Order that Defendant be required to promulgate an effective policy against such discrimination and to adhere thereto; and,

I. Grant such other relief as this Court may consider just and proper.

### **DEMAND FOR JURY TRIAL**

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

LISA WASHINGTON,


By: /s/ Dirk McClanahan_____
     Dirk McClanahan (VSB No. 81208)
     MCCLANAHAN POWERS, PLLC
     8133 Leesburg Pike, Suite 130
     Vienna, VA 22182
     Telephone: (703) 520-1326
     Facsimile:  (703) 828-0205
     Email: dmcclanahan@mcplegal.com

11